UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

SADARIA HALIBURTON,
an Individual

    Plaintiff,

v.

HIGH RISK ENFORCEMENT LLC
a Florida Limited Liability Company

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sadaria Haliburton, ("Mr. Haliburton" or "Plaintiff") files this Complaint against Defendant, High Risk Enforcement LLC ("HRE" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant for race/color discrimination to pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under Title VII of The Civil Rights Act of 1964.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his Title VII claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Palm Beach County, Florida, and this venue is therefore proper.

6. Defendant is a Florida Limited Liability Company that is located and does business in, among others, Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

7. Plaintiff is a Black Hispanic male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and Title VII because:

   a. Plaintiff is a Black Hispanic male, which is a protected category under Title VII and the FCRA.

   b. Plaintiff objected to what he reasonably believed to be race and color discrimination in the workplace, and suffered retaliation as a result.

8. Defendant was at all times an "employer" as envisioned by the Title VII and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

9. On or around October 20, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On or around July 23, 2024, after finding Reasonable Cause to believe HRE violated the EEOC issued a Notice of Right to Sue pursuant against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Mr. Haliburton worked for HRE as an Unarmed Security Officer from September 15, 2020, until his unlawful constructive discharge on October 16, 2021.

15. Throughout his tenure, Mr. Haliburton was a well-performing employee and had no history of non-retaliatory performance, attendance, or disciplinary issues.

16. From the outset of his employment at HRE, Mr. Haliburton was subjected to open and severe race/color discrimination by HRE personnel.

17. Specifically, HRE Supervisor, Joseph Maher ("Mr. Maher'), who is White/American, treated his non-White subordinates in a far more negative manner than their White counterparts.

18. For example, Mr. Maher used abusive and discriminatory language towards these minority employees, including Mr. Haliburton.

19. Mr. Maher, along with a pair of other Caucasian employees, Linda, and Jillian, routinely utilized the slur "Nigger," and chastised Hispanic individuals, often agreeing with each other about how much they, "hate spics."

20. Mr. Maher also chastised Mr. Haliburton due to his hair, and stated that hair of White individuals was work-appropriate while "Black people's hair," such as Mr. Haliburton's, was somehow unprofessional.

21. Throughout his tenure, Mr. Haliburton objected to Mr. Maher's continuous discriminatory comments, but no remedial action was taken.

3

22. On January 2021, Mr. Maher took the brazen discriminatory step and all but forced Mr. Haliburton to sit down for an impromptu "haircut" to satisfy his racist and discriminatory standards on minority employees.

23. The amateurish and discriminatory haircut conducted by Mr. Maher left Mr. Haliburton with an unsightly bald spot, causing his further distress.

24. Unwilling to stand by constant discrimination, Mr. Haliburton objected to HRE management regarding the racist haircut incident and requested not to work with the prejudicial Mr. Maher.

25. Mr. Haliburton's objections are considered protected activity pursuant to Title VII and the FCRA.

26. Throughout the subsequent months, HRE nevertheless found ways to schedule the two individuals together, leading to further distress.

27. Of course, Mr. Maher did not levy these insults against non-Black or Caucasian employees, or employees who had objected to HRE's racist atmosphere.

28. When Mr. Haliburton worked alongside Mr. Maher, the latter openly targeted Plaintiff, and attempted push him out of employment by harassing him, utilizing profanity towards him, and overall establishing a hostile work environment.

29. Mr. Maher escalated his discriminatory treatment of Plaintiff, calling him a "lazy piece of shit" and "stupid."

30. Unable to withstand the discrimination and retaliation any further, and knowing that HRE would not do anything to intervene, Mr. Haliburton had no choice but to resign, effectuating a constructive discharge under Title VII and the FCRA.

31. Mr. Haliburton's race/color were seen as problematic to HRE managers, and they believed the solution was to simply force him out.

32. Any other reason theorized by HRE is mere pretext.

33. Defendant did not have a good faith basis for its actions.

34. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason, for its actions.

35. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

36. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

37. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RACE/COLOR DISCRIMINATION IN VIOLATION OF TITLE VII

38. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 37, above, as if fully set forth in this Count.

39. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

40. The discrimination/disparate treatment to which Plaintiff was subjected was based on his race.

41. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

42. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

5

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

44. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

45. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

46. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF THE FCRA

47. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 37, above, as if fully set forth in this Count.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under the FCRA, Chapter 760, Florida Statutes.

49. The harassment and discrimination to which Plaintiff was subjected was based on his race.

50. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

6

51. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

53. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

55. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

56. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 37, above, as if fully set forth in this Count.

57. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII.

58. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on race.

59. Plaintiff's discharge was in very close temporal proximity to his objections to Defendant that he felt he had been discriminated against based on race.

60. Plaintiff's objections constituted protected activity under Title VII.

61. Plaintiff was discharged as a direct result of his objections to what he reasonably believed to be discrimination based on race.

62. Plaintiff's objections to Defendant's conduct, and his discharge, are causally related.

63. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

66. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

68. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages,

punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

69. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 37, above, as if fully set forth in this Count.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

71. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on race.

72. Plaintiff's discharge was in very close temporal proximity to his objections to Defendant that he felt he had been discriminated against based on race.

73. Plaintiff's objections constituted protected activity under the FCRA.

74. Plaintiff was discharged as a direct result of his objections to what he reasonably believed to be discrimination based on race.

75. Plaintiff's objections to Defendant's conduct, and his discharge, are causally related.

76. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

79. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

81. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 4th day of October 2024.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*